# JAMES M. BAKER
ATTORNEY

100 Lafayette Street
Suite 304
New York, N.Y. 10013

July 16, 2018

Via ECF

Hon. Katharine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

      Re:  Omel McLean o/b/o J.N.M., a minor v.
           Social Security Administration
           17 Civ. 6978 (CM) (KHP)

Dear Judge Parker:

    I am writing to request that the Court schedule a settlement or pre-motion conference since, as explained below, the parties' efforts to settle the case appear to be at a standstill.

    The defendant produced two batches of documents in response to plaintiff's FOIA request. This had occurred by mid-March 2018. As explained in the parties' joint status report of March 22, 2018, the parties next agreed that defendant would do an additional re-check of its records for a limited list of documents plaintiff believed might exist and might have been overlooked. Defendant would then do one of the following things:

> (1) produce any such documents, (2) identify and assert a privilege or other basis for non-disclosure with respect to any such documents, or (3) confirm via declaration by a knowledgeable agency employee that no such documents could be found.

Status report of March 22, 2018 (Docket 25).

    Plaintiff's consistent position has been that, upon completion of this recheck, and upon receipt of a declaration by a knowledgeable agency employee attesting to the completeness of the search, plaintiff would be prepared to discontinue the action. See Status Report of May 30, 2018 (Docket 29).

Tel: 212-979-0505
Fax: 212-979-8778
jbaker623@aol.com

The defendant has now categorically refused to provide any declaration by an agency employee attesting to the adequacy of the search -- except in the context of a motion for summary judgment. Plaintiff, for his part, is unwilling to discontinue his lawsuit without such a declaration.

By way of explanation of plaintiff's position, I can state that plaintiff has always been skeptical of defendant's claim that certain specific categories of documents requested by plaintiff cannot be located. Plaintiff is nevertheless prepared (1) to accept defendant's assurances that no such documents can be found and (2) discontinue this lawsuit *if* the defendant provides an adequate declaration regarding the *bona fides* of the search.

There are two reasons for plaintiff's insistence on a declaration: First, a statement from a responsible agency employee made under penalty of perjury would provide plaintiff with a degree of assurance (he currently lacks) that defendant has acted in good faith. Second, possession of such a declaration will offer plaintiff some protection against the unexpected appearance of additional documents in future administrative or court proceedings between plaintiff and the agency.

The declaration sought by plaintiff would appear to provide a remarkably simple and painless way to end this litigation, and defendant's unwillingness to provide it is somewhat puzzling. Defendant's stated willingness to provide a declaration only in the context of a summary judgment motion, on the other hand, threatens to involve the parties and the Court in a fair amount of wholly unnecessary work.

A conference might enable to parties, with the Court's assistance, to resolve these difficulties. Failing that, it could serve as a pre-motion conference for the parties' cross-motions for summary judgment.

I should add that plaintiff does not in any way suggest that Mr. Pantoja made a binding commitment to provide plaintiff with a declaration or has been anything other than above-board in the parties' negotiations. It may simply be the case that I have been reading too much into Mr. Pantoja's acquiescence in my wording of the March 22, 2018 status report.

I would be available to attend a conference on any date from August 1-8, August 20-31, or September 13-30.

In view of the above, I would also suggest that the parties' status report due on July 18, 2018 be cancelled.

Very truly yours,

James M. Baker

JMB/jb

cc: Joseph Pantoja   (via ECF)
    Assistant U.S. Attorney